IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNIE BANKSTON, # R16224,

    Plaintiff,

vs.                               Case No. 17-cv-1217-DRH

WARDEN DENNISON,
JOHN/JANE DOE, and
CAMILLA ETIENNE,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights that took place at Shawnee Correctional Center ("Shawnee"). This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 4). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a).

    Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

Plaintiff's IFP Motion is sufficient as to form, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental

entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Plaintiff did not use this Court's standard form in drafting his Complaint, though he has used it in several of his previous lawsuits. *See Bankston v. IDOC*, No. 15-cv-1272-SMY (S.D. Ill. Dec. 11, 2015); *Bankston v. IDOC*, No. 15-cv-1273-JPG (S.D. Ill. Dec. 11, 2015); *Bankston v. IDOC*, No. 15-cv-1274-SMY (S.D. Ill. Dec. 11, 2015). That form specifically requires litigants to describe all of their lawsuits that they have filed in state or federal court relating to their imprisonment. *See Bankston v. IDOC*, No. 15-cv-1273-JPG at Doc. 1, p. 3. In his handwritten Complaint in this action, Plaintiff does not disclose any of his litigation history. His first Motion to Proceed IFP is likewise silent on the matter.

Review of documents filed in the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Plaintiff has filed 5 other federal lawsuits while a prisoner, excluding any habeas proceedings. It further discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Bankston v. IDOC*, No. 15-cv-1272-SMY (S.D. Ill. Dec. 11, 2015) (dismissed Dec. 11, 2015 for failure to state a claim upon which relief may be granted); *Bankston v. IDOC*, No. 15-cv-1273-JPG (S.D. Ill. Dec. 11, 2015) (dismissed Dec. 11, 2015 for failure to state a claim upon which relief may be granted); and *Bankston v. IDOC*, No. 15-cv-1274-SMY (S.D. Ill. Dec. 11, 2015) (dismissed Dec. 11, 2015, with an amended order filed on Jan. 5, 2016 noting the dismissal would count as Plaintiff's third strike). Plaintiff filed another suit this past year, *Bankston v. Williams*, No. 17-cv-070-DRH (S.D. Ill. March 28, 2017), that was dismissed after the Court denied Plaintiff's IFP Motion pursuant to § 1915(g), and Plaintiff failed to pay his filing fee. *See id.* at Doc. 7. Like in *Bankston v. Williams*, because Plaintiff has three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

Plaintiff filed this suit on November 6, 2017. (Doc. 1). All of the above strikes were assessed prior to filing suit. Plaintiff had an obligation to disclose those strikes to the Court. He failed to do so.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's Complaint, as well as Plaintiff's IFP Motion, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury, and Plaintiff has not alleged that he is in imminent danger. Plaintiff's allegations involve lack of accommodation for his speech impairment and learning disabilities at Shawnee. (Doc. 1). Plaintiff is no longer housed at Shawnee, nor does he provide any information to suggest this lack of accommodation puts him in danger.

More troublingly, Plaintiff's filings suggest that he may have intentionally misled the Court. The Court's standard civil rights complaint form, which he has used in the past, specifically instructs litigants to disclose all prior litigation

relating to their imprisonment. *See Bankston v. IDOC*, No. 15-cv-1273-JPG at Doc. 1, p. 3. Not only did Plaintiff omit all reference to his prior "strikes," Plaintiff completely withheld his litigation history in his Complaint and IFP Motion. Plaintiff signed and dated the Complaint October 3, 2017. (Doc. 1).

A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, is grounds for immediate dismissal of the suit. *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court). Plaintiff shall be ordered to show cause why his case should not be dismissed with prejudice as a sanction for failing to disclose his litigation history.

## Disposition

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this

case (Doc. 4) is **DENIED**.  It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **January 2, 2018**).  If Plaintiff fails to comply with this payment order in the time allotted by the Court, this case will be dismissed.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).  Additionally, the Court shall order payments to be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $400.00 fee is paid in full.

Additionally, Plaintiff is ordered to **SHOW CAUSE** why his case should not be dismissed with prejudice as a sanction for misleading the Court about his prior litigation history.  Plaintiff shall **SHOW CAUSE** no later than twenty-one (21) days after the date of this Order (on or before **January 2, 2018**).  If the Court finds that Plaintiff has failed to show cause why he should not be sanctioned by this deadline, an order shall be entered dismissing the Complaint with prejudice and this case shall be closed.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order

will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.12
11:27:45 -06'00'

**United States District Judge**