IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNIE BANKSTON, #R16224,

          **Plaintiff,**

vs.                                         Case No. 17-cv-01217-DRH

WARDEN DENNISON, et al.,

          **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On November 6, 2017, Plaintiff Johnnie Bankston filed this action, along with a Prisoner Trust Fund Account Statement (Doc. 2). On November 9, 2017, he filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 4). The Court denied Plaintiff's IFP Motion on December 12, 2017. (Doc. 6). The Court found that Plaintiff had not shown that he was under imminent danger of serious physical injury so as to escape the three-strikes rule of 28 U.S.C. § 1915(g). (Doc. 6, pp. 5-6). Plaintiff was therefore ordered to pay the full filing fee of $400.00 on or before January 2, 2018. (Doc. 6, p. 7). This deadline was extended to January 29, 2018, where it remained. (Docs. 8, 11). The Court warned Plaintiff that failure to pay the fee by the deadline would result in dismissal of the action. (Docs. 6-8) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)).

1

Plaintiff's deadline for paying his filing fee has now passed. Plaintiff has not paid his filing fee. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **not** count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

All pending motions in this action are **DENIED** as moot.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R.

App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

*/s/ David R. Herndon*

Judge Herndon
2018.02.05
10:45:18 -06'00'

**United States District Judge**